IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


JAMES E. BUCKINGHAM       :       CIVIL ACTION
      :
    v.       :
      :
MARILYN S. BROOKS, et al.       :       NO.  06-2706


## REPORT AND RECOMMENDATION

L. FELIPE RESTREPO                   November 8, 2006
UNITED STATES MAGISTRATE JUDGE


Presently before the Court is a Petition for Writ of Habeas Corpus filed by James E. Buckingham pursuant to 28 U.S.C. § 2254.  Petitioner is currently incarcerated at the State Correctional Institution in Albion, Pennsylvania.  For the reasons which follow, the habeas petition should be dismissed as time-barred.


### PROCEDURAL HISTORY

On May 30, 2003, petitioner pled guilty in the Court of Common Pleas of Montgomery County to two charges of involuntary deviate sexual intercourse and one charge of aggravated indecent assault.  See Commonwealth v. Buckingham, No. 2443 EDA 2004, Mem. Op. at 1 (Pa. Super. filed Apr. 27, 2005).  On that same date, he was sentenced to eight and a half (8 ½) to seventeen (17) years in prison.  See N.T. Guilty Plea 5/30/03, at 30; see also Pa. Super. Ct. Op. filed 4/27/05, at 1.  Buckingham did not file a direct appeal from the judgment of sentence.  Id.

On November 25, 2003, he filed a petition pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-46.  See Pa. Super. Ct. Op. filed 4/27/05, at 1.

Following the appointment of counsel, on May 17, 2004 counsel submitted a "no-merit" letter in accordance with Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1999), along with a request to withdraw as counsel.  See Pa. Super. Ct. Op. filed 4/27/05, at 2.  On June 2, 2004, the PCRA Court issued notice of an intention to dismiss the PCRA petition, and the petition was denied on June 28, 2004.  Id.

On July 12, 2004, the PCRA Court received correspondence from Buckingham indicating that he had never received the June 2, 2004 notice of intention to dismiss, and the PCRA Court thereafter revoked the June 28, 2004 Order dismissing the PCRA petition and gave Buckingham twenty (20) days to respond.  Id.  The PCRA Court subsequently denied the petition and granted counsel leave to withdraw.  Id.

Petitioner filed an appeal to the Superior Court, which affirmed the denial of the PCRA petition on April 27, 2005.  Id. at 5.  Buckingham did not seek allowance of appeal in the Supreme Court of Pennsylvania.  See Hab. Pet. (Doc. No. 3) at 5; Resp. to Hab. Pet. ¶ 15.

On May 24, 2006, the Clerk of Court for the United States District Court for the Western District of Pennsylvania received Buckingham's Petition for Writ of Habeas Corpus under § 2254 (herein referred to as "original habeas petition").  See Buckingham v. Brooks, No. 06-124, Mem. and Order (W.D. Pa. filed June 21, 2006).  By Memorandum and Order filed June 21, 2006, the Honorable Sean J. McLaughlin adopted the Report and Recommendation of United States Magistrate Judge Susan Paradise Baxter and transferred the petition to this Court.  Id.

In that the habeas petition was not filed on the proper form, the Honorable J. Curtis Joyner on June 29, 2006 ordered that petitioner complete the standard current form as directed by Local Rule of Civil Procedure 9.3(b) and habeas rule 2, see 28 U.S.C. foll. § 2254, and return it

to the Clerk of Court within thirty (30) days to avoid dismissal of this civil action.  On July 25,

2006, the Clerk of Court received petitioner's habeas petition filed on the proper form (Doc. No.

3).  The District Attorney of Montgomery County ("respondent") filed a Response contending

that the petition is time-barred and should therefore be denied.  See Resp. to Hab. Pet. at 3-4.


**DISCUSSION**

Section 101 of the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No.

104-132, 110 Stat. 1214 (Apr. 24, 1996), amended 28 U.S.C. § 2244 to impose a one-year period

of limitation on applications for writs of habeas corpus by persons in state custody.  See 28

U.S.C. § 2244(d)(1).  Pursuant to the AEDPA, the limitation period begins to run from the latest

of

> (A) the date on which the judgment became final by the conclusion
> of direct review or the expiration of the time for seeking such
> review;
>
> (B) the date on which the impediment to filing an application
> created by State action in violation of the Constitution or laws of
> the United States is removed, if the applicant was prevented from
> filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially
> recognized by the Supreme Court, if the right has been newly
> recognized by the Supreme Court and made retroactively
> applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims
> presented could have been discovered through the exercise of due
> diligence.

Id.  Thus, under § 2244, the one-year limitation period during which a federal habeas petition

must be filed begins to run, with certain statutory exceptions which do not apply here, see 28

U.S.C. § 2244(d)(1)(B)-(D), upon completion of direct review of the judgment of the state courts.

In the present case, petitioner's judgment of conviction became final on June 29, 2003, when the time for filing a direct appeal to the Superior Court of Pennsylvania expired.[1]  See Pa. R. App. P. 903(a) (notices of appeal must be filed within 30 days).  Therefore, absent tolling of the limitation period, petitioner had one year after that date to file a § 2254 petition.  See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003), cert. denied, 540 U.S. 921 (2003); Swartz v. Meyers, 204 F.3d 417, 419-20 (3d Cir. 2000); Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

"The statute of limitations for federal habeas corpus petitions is subject to two tolling exceptions: (1) statutory tolling during the time a 'properly filed' application for state post-conviction review is pending in state court and (2) equitable tolling, a judicially crafted exception."  Merritt, 326 F.3d at 161 (citing Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999)). With respect to statutory tolling, § 2244(d)(2) provides in relevant part that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2) (emphasis added).

Thus, under the habeas statute the time during which Buckingham's PCRA petition was pending should not be counted in calculating the period of limitation.  See 28 U.S.C. § 2244(d)(2); see, e.g., Swartz, 204 F.3d at 420.  Since the PCRA petition was filed on November 25, 2003, see Pa. Super. Ct. Op. filed 4/27/05, at 1, the AEDPA's period of limitation was tolled, under § 2244(d)(2), from that date until May 27, 2005, when the time for filing a petition for

---

1.  Buckingham was sentenced on May 30, 2003, see N.T. 5/30/03, at 30, and he did not file a direct appeal to the Superior Court from the judgment of sentence, see Pa. Super. Ct. Op. filed 4/27/05, at 1.

allowance of appeal in the Supreme Court of Pennsylvania expired.[2]  See Pa. R. App. P. 1113(a)

(petition for allowance of appeal must be filed within 30 days of the Superior Court's Order); see

also Swartz, 204 F.3d at 420.

However, by the time he filed his PCRA petition on November 25, 2003, see Pa. Super.

Ct. Op. filed 4/27/05, at 1, **one hundred forty-nine (149) days** (almost five (5) months) of the

period of limitation had **elapsed**, leaving two hundred sixteen (216) days (about seven (7)

months) remaining on the limitation period.  See, e.g., Burns 134 F.3d at 111.  Consequently,

when the period of limitation began running again on May 27, 2005, petitioner had two hundred

sixteen (216) days to file his § 2254 petition.

Buckingham did not file the present petition until, at the earliest, May 13, 2006,[3] three

hundred fifty-one (351) days (eleven and a half (11 ½) months) after his PCRA petition was no

longer pending, and one hundred thirty-five (135) days (four and a half (4 ½) months) **after** the

AEDPA's period of limitation **expired**.  Since petitioner failed to file his § 2254 petition within

the one-year period of limitation, the petition is time-barred.  See Miller v. New Jersey Dep't of

Corrections, 145 F.3d 616, 617-18 (3d Cir. 1998); Burns, 134 F.3d at 111.

The Court of Appeals for the Third Circuit has held that the federal habeas statute of

---

2.  The Superior Court affirmed the denial of the PCRA petition on April 27, 2005, see Pa. Super. Ct. Op. filed 4/27/05, at 5, and petitioner did not file a timely petition for allowance of appeal in the Supreme Court of Pennsylvania, see Hab. Pet. (Doc. No. 3) at 5; Resp. to Hab. Pet. ¶ 15.

3.  In Burns, 134 F.3d at 113, the Court of Appeals for the Third Circuit held that a pro se prisoner's federal habeas petition is deemed "filed" at the moment he delivers it to prison officials for mailing to the district court.  Here, on May 13, 2006 Buckingham signed his original habeas petition filed in the Western District of Pennsylvania.  See Orig. Hab. Pet. at 7. Therefore, he could not have delivered the petition any earlier than that date.

limitations is subject to equitable tolling in only extraordinary circumstances.  See Miller, 145

F.3d at 618.  In Merritt v. Blaine, the Court of Appeals reiterated "the two general requirements

for equitable tolling: (1) that 'the petitioner has in some **extraordinary** way been **prevented**

from asserting his or her rights;' **and** (2) that the petitioner has shown that 'he or she exercised

**reasonable diligence** in investigating and bringing [the] claims.'"  Merritt, 326 F.3d at 168

(citing Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001)) (emphasis

added); see Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814 (2005) (observing that a litigant seeking

equitable tolling bears the burden of establishing diligence **and** that "some extraordinary

circumstance stood in his way") (emphasis added).  "Mere excusable neglect is not sufficient."

See Miller, 145 F.3d at 618-19.  "The law is clear that courts must be **sparing** in their use of

equitable tolling."  See Jones, 195 F.3d at 159 (quoting Seitzinger v. Reading Hosp. & Med.

Ctr., 165 F.3d 236, 239 (3d Cir. 1999)) (emphasis added).

     Here, petitioner fails to allege, let alone demonstrate, circumstances wherein he has "in

some extraordinary way" been prevented from asserting his rights, and he fails to allege

circumstances showing that he "exercised reasonable diligence" in pursuing his claims.  See

Jones, 195 F.3d at 159 (quoting Miller, 145 F.3d at 618).  Therefore, equitable tolling is not

warranted, and "the 'sparing' doctrine of equitable tolling" should not be invoked in this case.

See Robinson v. Johnson, 313 F.3d 128, 143 (3d Cir. 2002) (quoting Jones, 195 F.3d at 159),

cert. denied, 540 U.S. 826 (2003); see also Brown v. Shannon, 322 F.3d 768, 774 (3d Cir.), cert.

denied, 539 U.S. 948 (2003).  Accordingly, since Buckingham failed to file his § 2254 petition

within the one-year period of limitation, the petition should be dismissed as time-barred.  See

Brown, 322 F.3d 776; Miller, 145 F.3d at 617-18; Burns, 134 F.3d at 111.

Pursuant to Local Appellate Rule 22.2 of the Rules of the United States Court of Appeals for the Third Circuit, at the time a final order denying a habeas petition is issued, the district judge is required to make a determination as to whether a certificate of appealability ("COA") should issue.  When a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a COA may not issue unless the prisoner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; **and** (2) whether the district court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 123 S. Ct. 1029, 1046 (2003) (Scalia, J., concurring) (observing that Slack held "that a habeas petitioner seeking to appeal a district court's denial of habeas relief on procedural grounds must not only make a substantial showing of the denial of a constitutional right but **also** must demonstrate that jurists of reason would find it debatable whether the district court was correct in its procedural ruling"); Woods v. Kearney, 215 F. Supp.2d 458, 464 (D. Del. 2002).

"Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  Slack, 529 U.S. at 484; see Woods, 215 F. Supp.2d at 464.  Here, for the reasons set forth above and in light of the aforementioned decisions invoking the AEDPA's period of limitation as a procedural bar, a reasonable jurist could not conclude that the Court would be incorrect in dismissing the petition as time-barred.  See Slack, 529 U.S. at 484; see, e.g., Woods, 215 F. Supp.2d at 464 (finding that a COA should not issue where the habeas petition was barred by the one-year period of limitation under § 2244(d)(1)).  Accordingly, a COA should not issue.

## R E C O M M E N D A T I O N

AND NOW, this 8th day of November, 2006, upon consideration of the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 and the Response thereto of the District Attorney of Montgomery County, for the reasons given in the accompanying Report, it is RECOMMENDED that the habeas petition be DISMISSED as time-barred and that a certificate of appealability should not issue.

         /s/ L. Felipe Restrepo

L. FELIPE RESTREPO
UNITED STATES MAGISTRATE JUDGE